UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN SHORT,

    Plaintiff,

v.                               Case No: 2:15-cv-136-FtM-29DNF

IMMOKALEE WATER & SEWER DISTRICT, as a govern entity, EVA J. DEYO, in her individual capacity as executive director of Immokalee Water & Sewer District, FRED N. THOMAS, JR. , in his individual capacity as board member of Immokalee water & sewer district, and THE BOARD OF COMMISSIONERS OF IMMOKALEE WATER & SEWER DISTRICT,

    Defendants.

_____

**ORDER**

This matter comes before the Court on review of plaintiff's Complaint (Doc. #1) filed on March 3, 2015.  The Complaint incorporates by reference all of the allegations from each Count into each subsequent count. (Doc. #1, ¶¶ 374, 381, 390, 398, 403, 414, 420, 426, 433.)

"The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations

and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an intolerable toll on the trial court's docket." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases). Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed to trial. Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Complaint (Doc. #1) is dismissed without prejudice to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Order.

2. Defendant Immokalee Water & Sewer District's Motion to Dismiss Plaintiff's Complaint and Strike Plaintiff's Claims for Punitive Damages and Attorney's Fees (Doc. #11) is **DENIED as moot.**

3. Defendant Fred N. Thomas, Jr.'s Motion to Dismiss Plaintiff's Complaint and Strike Plaintiff's Claims for Punitive Damages and Attorney's Fees (Doc. #12) is **DENIED as moot.**

4. Defendant Eva Deyo's Motion to Dismiss Plaintiff's Complaint and Strike Plaintiff's Claims for Punitive Damages and Attorney's Fees (Doc. #13) is **DENIED as moot.**

5. Defendant Board of Commissioners of Immokalee Water & Sewer District's Motion to Dismiss Plaintiff's Complaint and Strike Plaintiff's Claims for Punitive Damages and Attorney's Fees (Doc. #14) is **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of June, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record