UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN SHORT,

      Plaintiff,

v.                                          Case No: 2:15-cv-136-FtM-29MRM

IMMOKALEE WATER & SEWER
DISTRICT, as a govern
entity, EVA J. DEYO, in her
individual capacity as
executive director of
Immokalee Water & Sewer
District, and FRED N.
THOMAS, JR. , in his
individual capacity as board
member of Immokalee water &
sewer district,

      Defendants.

_____

**ORDER**

This matter comes before the Court on review of plaintiff's

Amended Complaint (Doc. #30) filed on June 18, 2015.  The Amended

Complaint incorporates by reference all of the allegations from

each Count into each subsequent count.[1]  (Doc. #30, ¶¶ 91, 103,

107, 112, 116, 122, 127.)

A shotgun pleading is a pleading that "incorporate[s] every

antecedent allegation by reference into each subsequent claim for

_____

[1]On June 4, 2015, the Court entered an Order dismissing
plaintiff's original Complaint as a shotgun pleading.  (Doc. #24.)

relief or affirmative defense." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006). As a result, most of the counts in a typical shotgun complaint "contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an intolerable toll on the trial court's docket." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases). Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed to trial. Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Amended Complaint (Doc. #30) is dismissed without prejudice to filing a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Order.

2. Defendant Immokalee Water & Sewer District's Motion to Dismiss Plaintiff's Amended Complaint and Strike Plaintiff's Claims for Punitive Damages (Doc. #31) is **DENIED as moot.**

3.    Defendant  Fred  N.  Thomas,  Jr.'s  Motion  to  Dismiss Plaintiff's Amended Complaint (Doc. #32) is **DENIED as moot.**

4.    Defendant  Eva  Deyo's  Motion  to  Dismiss  Plaintiff's Amended  Complaint  and  Strike  Plaintiff's  Claims  for  Punitive Damages and Attorney's Fees (Doc. #33) is **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___17th___ day of September, 2015.


_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:

Counsel of record

3